IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: EARL STRONG | : | Chapter 7 |
| Debtor. | : | Bankr. Case No. 17-10106 (BLS) |
| EARL STRONG, | : | Adv. No. 17-50646 (BLS) |
| Appellant, | : | |
| v. | : | |
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE, and ANDREW R. VARA, Acting United States Trustee for Region 3, | : | Civ. No. 17-1271 (GMS) |
| Appellees. | : | |

## MEMORANDUM

### I. INTRODUCTION

This appeal arises from a Bankruptcy Court order entered on August 24, 2017, which extended the Bankruptcy Rule 4004(a) deadline to file a complaint objecting to Appellant's discharge in his chapter 7 case. (Bankr. D.I. 79).[1] Appellant timely appealed the order on September 5, 2017. (D.I. 1). Presently before the court is Appellant's motion for stay pending appeal (D.I. 6, 11) ("Stay Motion"), filed September 25, 2017, and motion for disqualification of the bankruptcy judge assigned to Appellant's chapter 7 case (D.I. 7), filed October 4, 2017 ("Recusal Motion"). For the reasons that follow, the court will deny the Stay Motion as moot, deny the Recusal Motion as procedurally improper, and set a briefing schedule on the merits.

### II. BACKGROUND

On January 13, 2017, Appellant filed a voluntary petition under chapter 7 of the Bankruptcy Code. (Bankr. D.I. 1). On January 19, 2017, Appellant filed the required schedules

---

[1] The docket of the chapter 7 case, captioned *In re Earl Strong*, Case No. 17-10106 (BLS), shall be cited herein as "Bankr. D.I. ___." The docket of the adversary proceeding, captioned *Andrew R. Vara v. Strong*, Adv. No. 17-50646 (BLS).

1

and other documents regarding his assets, liabilities, and other information in support of his petition. (Bankr. D.I. 10). On January 24, 2017, the Bankruptcy Court Clerk issued a notice that the § 341(a) meeting would be held on February 22, 2017. (Bankr. D.I. 14). On April 6, 2017, the chapter 7 trustee appointed in the case ("Trustee") filed a motion to extend the time to file a complaint objecting to Appellant's discharge. (Bankr. D.I. 45).

Bankruptcy Rule 4004(b)(1) provides: "On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge," and "the motion shall be filed before the time [to object] has expired."). Fed. R. Bankr. P. 4004(b)(1). The motion to extend sought to extend the time for the Trustee, the United States Trustee ("UST"), and creditors to object to Appellant's discharge through July 24, 2017. (*See id.*). On May 11 and 17, 2017, the Bankruptcy Court held hearings on several matters, including Trustee's motion to extend. (Bankr. D.I. 61, 64). At the hearings, Trustee advised the Bankruptcy Court that an extension until the conclusion of Appellant's litigation with Wells Fargo Bank, N.A. ("Wells Fargo") was warranted based on, *inter alia*, Appellant's apparent transfer of property to his wife for no consideration during the year prior to the chapter 7 filing, while he was in state court litigation with Wells Fargo regarding nonpayment of his mortgage (which could result in denial of discharge under § 727(a)(2)(A)); and Appellant's apparent false oaths (which could result in denial of discharge under § 727(a)(4)(A)). The Bankruptcy Court took Trustee's motion to extend under advisement. (*See* Bankr. D.I. 64).

On June 16, 2017 – before the new deadline sought by Trustee's motion to extend – the UST filed a complaint objecting to Appellant's discharge pursuant to §§ 727(a)(2) and (a)(4). (*See* Bankr. D.I. 66; Adv. D.I. 1). The complaint was based on Appellant's testimony at the § 341(a) meeting, during which he admitted, *inter alia,* that: he had transferred real property to his wife for no consideration within the year before the bankruptcy filing; he owned a vehicle that he did not

2

disclosed on his schedules of assets; he owned a bank account that he did not disclose on his schedules; and his wife received rental income that he did not disclose on his schedules. (*Id.*)

On June 20, 2017, Appellant filed a motion to dismiss the UST's complaint, and thereafter, an amended version of same. (*See* Adv. D.I. 6, 7). Appellant argued that, because the Bankruptcy Rule 4004(a) deadline was April 24, 2017, and the complaint was filed on June 16, 2017, the complaint was not timely filed. As the Bankruptcy Court had not yet ruled on his first motion to extend, on July 12, 2017, Trustee filed a second motion to extend the time to file a complaint objecting to discharge. (*See* Bankr. D.I. 69). Appellant objected, reiterating his argument that both motions, and the UST's complaint, were untimely. (Bankr. D.I. 70).

At a pre-trial conference held on July 27, 2017, the Bankruptcy Court directed the UST to file a brief regarding the timeliness of the complaint. (*See* Adv. D.I. 8). The UST's brief explained that the complaint was timely because it was filed during the extension period requested by Trustee's first extension motion, which was timely as it was filed before the April 24, 2017, deadline. (*See* Adv. D.I. 18; Del. Bankr. L.R. 9006-2 ("Unless otherwise provided in the Code or in the Fed. R. Bankr. P., if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."). The Bankruptcy Court held a hearing on August 23, 2017, at which it found that Trustee had timely filed his first extension motion, and had carried his burden under Fed. R. Bankr. P. 4004(b)(1) to show cause for the extension.[2] The Bankruptcy Court also concluded that the UST was the beneficiary of the relief requested by Trustee, and that the initial extension was sufficient to preserve the UST's time to file a complaint objecting to

---

[2] *See* Bankr. D.I. 91, 8/23/17 Hr'g. Tr. at 11:12-13 ("Based upon the record before me I'm satisfied that the Chapter 7 Trustee has carried his burden[.]"); *id.*, at 13:15-16 ("I'm satisfied that the trustee's motion was timely filed[.]").

3

discharge.³ As a result, the Bankruptcy Court held that both extension motions would be granted and that the adversary proceeding would continue to trial.⁴ A docket entry dated August 23, 2017, stated that "the Chapter 7 Trustee's motions to extend discharge are granted," and that "the orders will issue." (*See* Bankr. D.I. 75). On August 24, 2017, the Bankruptcy Court entered an order granting Trustee's second motion to extend. (*See* Bankr. D.I. 79).

On September 5, 2017, Appellant filed a notice of appeal attaching the order granting the Trustee's second extension motion. (*See* Bankr. D.I. 81). Based on the wording of this notice and a subsequent "Notice to Amend Appellant Appeal" (D.I. 3), it is clear that Appellant appeals the determination that the UST's complaint was timely filed. On September 25, 2017, Appellant filed the Stay Motion, which sought "a Stay Order Of the October 23, 2017 Trial Pending the Appeal Decision[.]" (D.I. 6). The two-page Stay Motion cites no legal authority for the relief requested, and argues: (i) the appeal will possibly dismiss the UST's complaint as untimely; and (ii) proceeding to trial would be a violation of Appellant's rights under the Sixth Amendment, Confrontation Clause, and a violation of his right to due process. (*Id.*) After several continuances intended to accommodate Appellant, but before this court was able to rule on the Stay Motion, the Bankruptcy Court conducted a trial on December 11, 2017, and, based on the uncontroverted evidence presented at trial, the Bankruptcy Court entered an order denying discharge (Adv. D.I. 54). The record reflects that Appellant did not appear at the trial.

### III. JURISDICTION

---

³ Bankr. D.I. 91, 8/23/17 Hr'g. Tr. at 12-15 ("Based upon the record before me I'm satisfied . . . that the [UST] is similarly a beneficiary of the relief requested and obtained by the Chapter 7 Trustee."); *id.* at 13:15-20 ("I'm satisfied that the trustee's motion was timely filed, that the court took the first one under advisement and then that a second motion was filed and a request also by the Office of the [UST] sufficient to preserve that timeline so that the court could extend it.").

⁴ Bankr. D.I. 91, 8/23/17 Hr'g. Tr. at 11:16-18 ("The Trustee's first and second motions were taken under advisement by this court and will be granted by this court."); *id.* at 21-24 ("[T]he court will schedule . . . a trial on . . . the adversary proceeding commenced by the Office of the [UST].").

4

Appeals from the Bankruptcy Court to this court are governed by 28 U.S.C. § 158. Pursuant to § 158(a)(1), the court has mandatory jurisdiction over this appeal, which is a final order of the Bankruptcy Court. 28 U.S.C. § 158(a)(l). The court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review over questions of law. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). The court must "break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).

## IV. DISCUSSION

### A. Stay Motion

The Stay Motion must be denied as moot. The Stay Motion requested a stay of the trial on the UST's complaint objecting to discharge, pending the court's ruling on this appeal. The trial was completed before the court ruled on the Stay Motion. The relief requested in the Stay Motion is therefore moot. Even if the Stay Motion were not moot, however, the court would not have granted relief. Appellant did not seek a stay pending appeal in the Bankruptcy Court prior to moving for a stay in this court on September 25, 2017.[5] Pursuant to Bankruptcy Rule 8007(a)(1), a party seeking a stay pending appeal of a bankruptcy court order must ordinarily request the stay from the bankruptcy court in the first instance. Where, as here, a stay pending appeal is sought in the district court in the first instance, the movant must "show that moving first in the bankruptcy court would be impracticable." Fed. R. Bankr. P. 8007(b)(2)(A). The Stay Motion does not indicate any reason that a stay was not sought from the Bankruptcy Court. In his reply, Appellant states that he "filed the stay motion with the Federal Court because Appellant feared [t]hat it would be denied and [because] Appellant has filed a motion to dismiss [Judge Shannon] from these

---

[5] On October 18, 2017, Appellant made a telephonic request that the Bankruptcy Court stay further hearings in the adversary proceeding including trial on the discharge objection, until such time as this court might rule on his appeal, and that request was denied. (*See* Adv. D.I. 43).

5

[c]ases." (*See* D.I. 10 at 6, ¶ 12). Appellant's assumption that the Bankruptcy Court would rule against him based on prior rulings was not a sufficient reason to seek a stay first in this Court rather than seeking it first in the bankruptcy court.[6]

Even excusing this failure,[7] the Stay Motion set forth no basis upon which a stay of the appeal could have been granted. "The granting of a motion for stay pending appeal is discretionary with the court." *See In re Trans World Airlines, Inc.*, 2001 WL 1820325, at *2-3 (Bankr. D. Del. Mar. 27, 2001). Appellant bears the burden of proving that a stay of the Order is warranted based on the following criteria: (1) whether appellant has made "a strong showing" that it is likely to succeed on the merits; (2) whether appellant will be irreparably injured absent a stay; (3) whether a stay will substantially injure other interested parties; and (4) where the public interest lies. *Republic of Phil. v. Westinghouse Electric Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). The most critical factors, according to the Supreme Court, are the first two: whether the appellant has demonstrated (1) a strong showing of the likelihood of success, and (2) that it will suffer irreparable harm – the latter referring to harm that cannot be prevented or fully rectified by a successful appeal. *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal citations omitted)).

As to the first factor, there was no likelihood of success on appeal. The record is clear that a motion to extend was filed before the expiration of the deadline, and the applicable rules are clear that a motion to extend stays the deadline until the Bankruptcy Court can rule on the motion to extend. (*See* Fed. R. Bankr. P. 4004(b)(1); Del. Bankr. L.R. 9006-2). As to the second factor, Appellees are correct that Appellant did not suggest any noneconomic harm which he might suffer

---

[6] *See, e.g., In re TAC Financial, Inc.*, 2017 WL 2833246 at *3-*4 (S.D. Cal. June 30, 2017); *In re Howes*, 2016 WL 4944983 at *2-*3 (D. Md. Sept. 15, 2016).
[7] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal quotation marks omitted).

6

in absence of a stay. (*See* D.I. 9 at 14-15). Appellant's costs attendant to proceeding to trial on the discharge objection were economic and did not constitute the "irreparable harm" necessary to obtain a stay pending appeal. *See Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994) ("[e]conomic loss does not constitute irreparable harm.") Denial of Appellant's discharge also would not satisfy the standard; assuming Appellant is pursued by his creditors for payment of his debts, any resulting loss will be economic, and would not constitute irreparable harm. *See id.* As Appellant did not make the requisite showings on either of these first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and the stay should be denied without further analysis. *Revel AC*, 802 F.3d at 571 (internal citations omitted).

## B. Recusal Motion

The Recusal Motion must also be denied. On September 29, 2017, the Bankruptcy Court held a hearing on pretrial matters, and set October 23, 2017 as a further pretrial conference. (*See* Adv. D.I. 38). On October 5, 2017, Appellant filed a three-page motion seeking to "disqualify and remove" the Judge Shannon. (Adv. D.I. 37). The motion attached no affidavit in support, and the UST opposed the relief. (Adv. D.I. 46) On October 23, 2017, the Bankruptcy Court held a further pretrial conference in the adversary proceeding. (*See* Adv. D.I. 25). Although originally scheduled for hearing on October 23, 2017, the Bankruptcy Court granted Appellant permission to adjourn the hearing on his motion for recusal. (*See* Adv. D.I. 43). The Bankruptcy Court entered a scheduling order, which provided that Appellant was required to file a reply, if any, in support of the motion for recusal by November 17, 2017, and that the parties were required to submit trial exhibits and witness lists regarding the motion for recusal on or before December 1, 2017. (*See* Adv. D.I. 48). The docket reflects that Appellant made no further submissions and did not appear at the December 11, 2017 hearing on the motion for recusal. At the December 11, 2017 hearing, the Bankruptcy Court denied the relief requested in the motion for recusal, both as a procedural

7

matter, based on Appellant's failure to attend the hearing and present the matter, and on a substantive basis, based on the findings and analysis set forth by the Bankruptcy Court on the record. (*See* 12/11/17 Hr'g. Tr. at 29:13-31:8).

Appellant's additional request for relief, the Recusal Motion filed in this court (D.I. 7), was procedurally improper, as a motion for recusal of a bankruptcy judge must be filed with the bankruptcy court and considered by the bankruptcy judge in the first instance. *See U.S. v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973) (judge against whom an affidavit is filed bears responsibility of assessing legal sufficiency of affidavit). Judge Shannon found Appellant's motion for recusal insufficient and denied relief in his December 11, 2017 ruling (*see* 12/11/17 Hr'g. Tr. at 29:13-31:8). The docket reflects no appeal of the Bankruptcy Court's ruling. Absent a timely appeal, the court has no jurisdiction over this matter.[8]

## V.  CONCLUSION

For the foregoing reasons, the Appellant's Stay Motion and Recusal Motion will be denied, and merits briefing shall proceed. A separate order shall issue.

February 14, 2018

UNITED STATES DISTRICT JUDGE

---

[8] Even if such a request were procedurally proper, the Recusal Motion offered no evidence and demonstrated no basis for such relief. Recusal is governed by 28 U.S.C. §§ 144 and 455. Section 144 provides that "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. Section 455 provides that a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under section 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 296 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *U.S. v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party." Under either subsection of section 455, the bias necessary to require recusal generally must derive from a source outside of the official proceedings. *See Liteky v. U.S.*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) ("beliefs or opinions which merit recusal must involve an extrajudicial factor"). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. The Recusal Motion, which is replete with accusations concerning the integrity of the Bankruptcy Court, lacks any factual allegations of personal bias or prejudice which might satisfy these standards. Appellant offers no evidence in support of these allegations apart from adverse rulings, and the Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

8