IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: EARL STRONG, <br> Debtor. | : <br> : <br> : | Chapter 7 <br> Bankr. Case No. 17-10106 (BLS) |
| EARL STRONG, <br> Appellant, <br> v. | : <br> : <br> : <br> : | Adv. No. 17-50646 (BLS) |
| JEOFFREY L. BURTCH, Chapter 7 Trustee, and ANDREW R. VARA, Acting United States Trustee for Region 3, <br> Appellees. | : <br> : <br> : <br> : <br> : | Civ. No. 17-1271 (GMS) |

## MEMORANDUM

### I. INTRODUCTION

This appeal arises from the Chapter 7 case of *pro se* appellant Earl Strong, in which he was denied a discharge.[1] The Bankruptcy Code provides that a Chapter 7 case trustee, a creditor, or the United States Trustee may object to a debtor's discharge. *See* 11 U.S.C. § 727(c)(1).[2] Jeoffrey L. Burtch, the Chapter 7 trustee appointed in Appellant's case ("Trustee"), filed, on behalf of all creditors, two motions to extend the deadline for filing a complaint objecting to discharge, pursuant to Bankruptcy Rule 4004(b)[3] (Bankr. D.I. 45 & 69)[4] (together, the "Extension Motions"). Prior to

---

[1] There is no constitutional right to obtain a discharge of one's debts in bankruptcy. *U.S. v. Kras*, 409 U.S. 434, 446 (1973). "The primary objective of bankruptcy is the reconciliation of rights between creditors and honest but unfortunate debtors." *In re Rodgers*, 1993 WL 393071, *3 (W.D. Pa. Sept. 28, 1993) (internal quotations omitted). "One way in which bankruptcy affords relief to debtors is through the discharge of their pre-bankruptcy debts." *Id.* "This liberal treatment of a debtor's obligations is in keeping with the tenet that a discharge should give 'the honest but unfortunate debtor . . . a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt.'" *Id.* (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934).

[2] Under § 727(a), a chapter 7 individual debtor may receive a discharge of debts unless the debtor has taken certain actions, including: (i) transferring assets within one year before filing the bankruptcy case, or concealing assets after filing, with the intent to hinder, delay, or defraud creditors or the case trustee; and (ii) knowingly and fraudulently making a false oath in or in connection with the case. 11 U.SC. §§ 727(a)(2) & (a)(4). Objections to discharge provide the means by which abusive conduct by a debtor can be dealt with through the denial of discharge. *Rodgers*, 1993 WL 393071, at *3.

[3] Under Bankruptcy Rule 4004(a), a complaint objecting to discharge "shall be filed no later than 60 days after the first date set for the meeting of creditors[.]" Fed. R. Bankr. P. 4004(a). Under Bankruptcy Rule 4004(b), the time may be extended for cause after a noticed hearing "[o]n motion of any party in interest" filed before the existing time expires. Fed. R. Bankr. P. 4004(b).

[4] The docket of the chapter 7 case, captioned *In re Earl Strong*, Case No. 17-10106 (BLS), shall be cited herein as "Bankr. D.I. __." The docket of the adversary proceeding, captioned *Andrew R. Vara v. Strong*, Adv. No. 17-50646 (BLS), shall be cited as "Adv. D.I. __."

1

the Bankruptcy Court's ruling on those motions, the United States Trustee ("UST") filed a complaint objecting to Appellant's discharge. (Adv. D.I. 1). Appellant moved to dismiss the UST's complaint on the basis that the complaint was untimely under Bankruptcy Rule 4004(a). At a hearing on August 23, 2017, the Bankruptcy Court found cause to grant the Extension Motions, determined that the UST's complaint was timely, and set a trial date in the adversary proceeding. (Bankr. D.I. 91). Thereafter, the Bankruptcy Court entered orders memorializing its rulings (Bankr. D.I. 79, Bankr. D.I. 103, Adv. D.I. 49) (together, the "Orders"). Appellant appealed the order granting Trustee's second Extension Motion. (D.I. 1). For the reasons that follow, the court will affirm the Bankruptcy Court's Orders granting the Extension Motions and denying the motion to dismiss.

## II. BACKGROUND

### A. Appellant's Chapter 7 Filing

On January 13, 2017, Appellant filed a voluntary petition under chapter 7 of the Bankruptcy Code. (Bankr. D.I. 1). The record reflects that Appellant's initial schedules and statement of financial affairs filed under 11 U.S.C. § 521(a)(1)(B) stated that he: (i) owned no real property; (ii) received no rental income; (iii) transferred real property (the "Property") worth $190,000 to his wife for no consideration on March 3, 2016; (iv) owed an unsecured judgment to Wells Fargo Bank, N.A. ("Wells Fargo"); and (v) owned one vehicle and two bank accounts. (Bankr. D.I. 10 & 16). Appellant later amended his schedules to claim an exemption on the Property, despite stating he did not own it. (Bankr. D.I. 15). On January 24, 2017, the Bankruptcy Court Clerk issued a notice that the § 341(a) meeting would be held on February 22, 2017 and setting April 24, 2017, as the deadline for filing a complaint objecting to discharge under 11 U.S.C. § 727(a). (Bankr. D.I. 14).

On February 9, 2017, Wells Fargo moved to lift the automatic stay with respect to the Property. (Bankr. D.I. 21). Wells Fargo claimed to hold a mortgage and note on the Property, and sought stay relief "to exercise its non-bankruptcy rights and remedies" against the Property in state

2

court. *Id.* In response, Appellant filed documents stating that the Property was "not in my Name," was "in Wife name the in Tenancy in Entirety Rules," and was "my Wife Lillie Home also, Deeds in her Name." (Bankr. D.I. 23, 24, 29). Appellant then amended his schedules to reflect an ownership interest in the Property as "Tenancy by the entireties" and to disclose another vehicle and bank account. (Bankr. D.I. 36, 43).

### B. Trustee's Extension Motions

On April 6, 2017, the Trustee filed the first Extension Motion seeking to extend the time to file a complaint objecting to Appellant's discharge under § 727 until July 24 (in the motion) or July 27 (in the proposed order). (Bankr. D.I. 45). The Trustee sought to extend not only his time, but also that of the UST and creditors. (*See id.* & 45-2 (proposed order)). The Trustee noted that the meeting of creditors had not yet been concluded, that motion practice between Wells Fargo and Appellant was ongoing, and that these facts affected the determination of whether a complaint objecting to discharge was warranted. (*Id.* at 1-2)

On May 11 and 17, 2017, the Bankruptcy Court held hearings on several matters, including Trustee's Extension Motion and Wells Fargo's stay relief motion. (*See* Bankr. D.I. 61, 64). Trustee argued that the requested extension was warranted because, until the discrepancy regarding Appellant's ownership or transfer of the Property was resolved, a question remained as to whether he had made knowing and fraudulent false oaths for purposes of § 727(a)(4) on his schedules and statement of financial affairs, and whether his transfer of the Property to his wife had been made with the intent to hinder, delay, or defraud creditors or the Case Trustee for purposes of § 727(a)(2)(A). (5/17/17 Hr'g. Tr. at 51:14-52:22). The Bankruptcy Court took the matters under advisement. (*Id.* at 54:9-11). The Bankruptcy Court ultimately granted Wells Fargo's stay relief motion on August 18, 2017, finding that Appellant's arguments had been rejected by the Delaware state courts. (Bankr. D.I. 72).

3

### C. UST's Complaint Objecting to Discharge

On June 16, 2017 – prior to the extended deadline requested by the Trustee's – the UST filed a complaint objecting to Appellant's discharge pursuant to §§ 727(a)(2) and (a)(4). (*See* Adv. D.I. 1). The complaint was based on Appellant's testimony at the § 341(a) meeting that he had transferred his interest in the Property to his wife for no consideration during the year preceding his bankruptcy petition; and also on the bank accounts, at least one vehicle, and rental income which were not disclosed in the initial schedules filed in support of Appellant's bankruptcy petition. (*Id.*, ¶¶ 17 & 54). The complaint further sought to deny Appellant's discharge under § 727(a)(4) on the basis of false oaths in Appellant's schedules and statement of financial affairs and in his testimony at the § 341 meeting, including false statements regarding his residence, his ownership of the Property, his ownership of an undisclosed vehicle and bank account, and receipt of undisclosed rental income. (*Id.*, ¶¶ 15, 17, 20, 22, 23, 43, 44 & 57).

### D. Motion to Dismiss

On June 20, 2017, Appellant filed a motion to dismiss the UST's complaint, and, thereafter, an amended version of same. (Adv. D.I. 6, 7). Appellant argued that the complaint was filed after the Bankruptcy Rule 4004(a) 60-day deadline and that the Trustee's Extension Motion did not extend the deadline for the UST because it too was filed after the deadline (as calculated by Appellant).

At a pre-trial conference held on July 27, 2017, the Bankruptcy Court directed the UST to file a brief regarding the timeliness of the complaint. (*See* Adv. D.I. 8). Appellant's primary argument was that the Bankruptcy Rule 4004(a) 60-day objection period began January 24 (the date the notice of the meeting of creditors was mailed), not February 22 (the first date for which the meeting of creditors was scheduled). (*See* Adv. D.I. 16). The UST's brief argued that the Bankruptcy Rule 4004(a) 60-day objection period actually runs from the "first date set for the meeting of creditors" not the mailing date of the notice of the meeting of creditors. (Adv. D.I. 18). As the original deadline

was April 24, 2017, the Trustee's Extension Motion, filed on April 6, 2017, was timely. (*Id.*) The UST further argued that the complaint was timely because: (i) the Trustee had not yet concluded the meeting of creditors, so Del. Bankr. L.R. 4004-1[5] automatically extended the time to file a complaint until the later of the original deadline or 30 days after the meeting is finally concluded; (ii) the Trustee's filing of the initial extension motion before the April 24, 2017, deadline created an automatic extension by operation of Del. Bankr. L.R. 9006-2[6] until the Bankruptcy Court ruled on the motion; and (iii) the Trustee's Extension Motion included the UST as a party whose deadline was to be extended. (*Id.* at 5-6). The UST also argued that "cause" for an extension of the time to file a complaint objecting to discharge under Bankruptcy Rule 4004(b) existed because Appellant had been misleading about several things, including whether the Property was held as a tenancy by the entireties, and had exhibited a "lack of action, lack of candor, and lack of cooperation [that] ma[d]e investigating [his] affairs laborious, time consuming, and very difficult." (*Id.* at 6-7). As the Bankruptcy Court had not yet ruled on the Extension Motion, on July 12, 2017, the Trustee filed a second Extension Motion seeking to extend the deadline until October 31, 2017, for the Trustee and all creditors (as the UST had already filed a complaint). (*See* Bankr. D.I. 69). In response, Appellant reiterated his argument that both motions and the complaint were untimely. (Bankr. D.I. 70).

The Bankruptcy Court held a hearing on August 23, 2017, at which it found that Trustee had timely filed his first extension motion, and had carried his burden under Bankruptcy Rule 4004(b)(1) to show cause for the extension.[7] The Bankruptcy Court also concluded that the UST was the

---

[5] Local Rule 4004-1 provides that "the [§] 341 meeting of creditors is continued or rescheduled, the time to file a complaint objecting to discharge" is extended to 30 days after the meeting of creditors is finally concluded. *See* Del. Bankr. L.R. 4004-1.

[6] Local Rule 9006-2 provides: "Unless otherwise provided in the Code or in the Fed. R. Bankr. P., if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

[7] *See* Bankr. D.I. 91, 8/23/17 Hr'g. Tr. at 11:12-13 ("Based upon the record before me I'm satisfied that the Chapter 7 Trustee has carried his burden[.]"); *id.*, at 13:15-16 ("I'm satisfied that the trustee's motion was timely filed[.]").

5

beneficiary of the relief requested by Trustee, and that the initial extension was sufficient to preserve the UST's time to file a complaint objecting to discharge.[8] As a result, the Bankruptcy Court held that the Extension Motions would be granted and that the adversary proceeding would continue to trial.[9] A docket entry dated August 23, 2017, stated that "the Chapter 7 Trustee's motions to extend discharge are granted," and that "the orders will issue." (*See* Bankr. D.I. 75). The Bankruptcy Court entered an order memorializing its decision on August 24, 2017, granting the second Extension Motion. The Bankruptcy Court subsequently entered separate orders granting the first Extension Motion and denying the motion to dismiss on October 20, 2017 (B.D.I. 103) and December 1, 2017 (Adv. D.I. 49), respectively.

On September 5, 2017, Appellant filed a notice of appeal attaching the order granting the Trustee's second extension motion. (*See* Bankr. D.I. 81). Based on the wording of this notice and a subsequent "Notice to Amend Appellant Appeal" (D.I. 3), it is clear that Appellant appeals the determination that the UST's complaint was timely filed. Appellant moved to stay the order pending appeal (D.I. 6, 11) and moved to disqualify the bankruptcy judge assigned to his Chapter 7 case (D.I. 7), which this court denied. (D.I. 14, 15). The Bankruptcy Court conducted a trial on December 11, 2017, and, based on the uncontroverted evidence presented at trial, the Bankruptcy Court entered an order denying discharge (Adv. D.I. 54). Appellant did not appear, and the Bankruptcy Court denied the request for a continuance Appellant made that morning by telephone. (Bankr. D.I. 117, 12/11/17 Hr'g. Tr. at 3:7-13 & 26:10-21). The Bankruptcy Court admitted evidence proffered by the UST regarding another fraudulent transfer of the Property to Appellant's wife in October 2017 (during the

---

[8] *See* 8/23/17 Hr'g. Tr. at 11:12-15 ("Based upon the record before me I'm satisfied . . . that the [UST] is similarly a beneficiary of the relief requested and obtained by the Chapter 7 Trustee."); *id.* at 13:15-20 ("I'm satisfied that the trustee's motion was timely filed, that the court took the first one under advisement and then that a second motion was filed and a request also by [UST] sufficient to preserve that timeline so that the court could extend it.").

[9] *See* 8/23/17 Hr'g. Tr. at 11:16-18 ("The Trustee's first and second motions were taken under advisement by this court and will be granted by this court."); *id.* at 21-24 ("[T]he court will schedule . . . a trial on . . . the adversary proceeding commenced by the Office of the [UST].").

pendency of the Chapter 7 case and the adversary proceeding). (*Id.* at 7:15-8:13, 15:2-25, 17:10-20:21, 21:20-23:3-24). The Bankruptcy Court held that Appellant had transferred the Property "for the purpose of delaying, hindering, and frustrating the debtor's creditors" for purposes of § 727(a)(2). (*Id.* at 27:8-14). The Bankruptcy Court further held that Appellant "made false or incomplete statements repeatedly . . . while under oath" for purposes of § 727(a)(4). (*Id.* at 27:15-19). As a result, the Bankruptcy Court denied Appellant's discharge under §§ 727(a)(2) and (4). (*Id.* at 28:3-7). On December 14, 2017, the Bankruptcy Court entered a judgment in favor of the UST. (Adv. D.I. 54). The record reflects that Appellant did not appeal the order denying discharge.

## III. STANDARD OF REVIEW

The court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review over questions of law. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). The determination of whether cause exists to extend the time to object to a debtor's discharge is reviewed for abuse of discretion. *In re Auld*, 561 B.R. 512, 516, 522 (B.A.P. 10th Cir. 2017) (denial of motion to extend reviewed for abuse of discretion). A court abuses its discretion when it "bases its opinion on a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact." *In re Prosser*, 777 F.3d 154, 161 (3d Cir. 2015) (internal quotation omitted). The determination of whether the complaint objecting to discharge was timely under Bankruptcy Rule 4004 – the basis of Appellant's motion to dismiss – is a question of law reviewed *de novo*. *In re Cortes*, 125 B.R. 418, 419 (E.D. Pa. 1991).

## IV. DISCUSSION

### A. Appellant Does Not Meet the Standard for Interlocutory Appeal

The UST argues that this Court lacks jurisdiction over this appeal because the Orders are interlocutory and cannot be appealed of right. (D.I. 17 at 9). Federal district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" entered by bankruptcy judges. *See* 28

7

U.S.C. § 158(a)(1). Here, the notice of appeal concerned the decisions made at the August 23, 2017 hearing, which granted the Extension Motions and denied Appellant's motion to dismiss. (*See* 8/23/17 Hr'g. Tr. (granting Extension Motions and setting trial date); Adv. D.I. 49 (denying motion to dismiss for the reasons set forth on the record at the August 23, 2017 hearing)). These orders are interlocutory. *See Catlin v. United States*, 324 U.S. 229, 236 (1945) ("[D]enial of a motion to dismiss, even when the motion is based on jurisdictional grounds, is not immediately reviewable."); *In re Aucoin*, 35 F.3d 167, 169-70 (5th Cir. 1994) (holding that an order granting a motion to extend the time to file a complaint objecting to discharge under § 727(a) is interlocutory). The court agrees that because the Orders are not final orders, they are not appealable as of right. *See* Fed. R. Bankr. P. 8003.[10]

The court has discretion to hear appeals from interlocutory orders. Although Appellant did not file a motion for leave to appeal the interlocutory Orders as required by Bankruptcy Rule 8004(a)(2)), the court may choose to treat Appellant's notice of appeal as a motion for leave to appeal. *See* Fed. R. Bankr. P. 8004(d). Because Appellant proceeds *pro se*, the court chooses to treat Appellant's notice of appeal as a motion for leave to appeal. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal quotation marks omitted). In determining whether interlocutory appeal is appropriate, this court has found the standard articulated in 28 U.S.C. § 1292(b) to be instructive. *See In re AE Liquidation, Inc.*, 451 B.R. 343,

---

[10] The court further agrees with the UST that the orders are not appealable under either the "collateral order doctrine" or the "merger rule." The "collateral order doctrine" permits review of an order that "conclusively determine[s] the disputed question," "resolve[s] an important issue completely separate from the merits of the action," and that is "effectively unreviewable on appeal from a final judgment." *Aucoin*, 35 F.3d at 170. Here, the orders did not conclusively determine anything (as the complaint proceeded to judgment) or resolve any important issues. Even if Appellant met the first two factors of the collateral order doctrine, he could not meet the third because the interlocutory orders would have been reviewable under the "merger rule" had he appealed the December 14, 2017, judgment denying his discharge. *Id.*; *see also In re Westinghouse Secs. Litig.*, 90 F.3d 696, 706 (3d Cir. 1996) ("Under the 'merger rule,' prior interlocutory orders merge with the final judgment in a case, and the interlocutory orders (to the extent that they affect the final judgment) may be reviewed on appeal from the final order."). Here, Appellant's failure to appeal the final order denying his discharge deprives this Court of jurisdiction over the Orders that are the subject of this appeal.

346 (D. Del. 2011). Under § 1292(b), an interlocutory appeal is appropriate "when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation." *Id.* Review of an interlocutory order is limited to cases where the appellant shows "exceptional circumstances" justifying review. *Id.*

Here, there are simply no grounds for a difference of opinion as to whether the Extension Motions and complaint were timely, and an appeal of the interlocutory Orders would not materially advance the ultimate termination of litigation that already has concluded with a judgment against Appellant that he chose not to appeal. Thus, there is no basis under § 1292(b) for the court to hear an interlocutory appeal of the Orders. In light of the foregoing, the court must dismiss the appeal for lack of jurisdiction.

      **B.**    **The Bankruptcy Court Neither Abused its Discretion in Finding Cause to Extend the Deadline Nor Erred in Denying the Motion to Dismiss**

Alternatively, even if the court were to reach the merits, the court would affirm the Orders. First and foremost, it appears that, under the Bankruptcy Court's local rules, the complaint was timely even in absence of the Extension Motions. Local Rule 4004-1 provides that where, as here, "the [§] 341 meeting of creditors is continued or rescheduled, the time to file a complaint objecting to discharge" is extended to 28 days after the § 341 meeting of creditors is finally concluded. Del. Bankr. L.R. 4004-1. As the meeting of creditors was still pending on June 16, 2017, the time to file a complaint had not expired when the UST filed the complaint.

Second, the Extension Motions were timely.[11] A discharge objection under § 727(a) must be brought by adversary proceeding, which is initiated by the filing of a complaint. *See* Fed. R. Bankr.

---

[11] Appellant does not appear to argue that the Trustee's Extension Motions were not filed before the time had expired to object to his discharge; as a result, he has abandoned that issue. (*See* D.I. 16; *see also Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (an appellant who does not present argument regarding an issue in his opening brief "has abandoned and waived that issue on appeal").

9

P. 7001(4) & 7003. Under Bankruptcy Rule 4004(a), the complaint objecting to discharge under § 727 "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) – unless, "[o]n motion of any party in interest, after notice and hearing . . . filed before the time has expired," the bankruptcy court found cause to extend the deadline. *See* Fed. R. Bankr. P. 4004(b). Here, February 22, 2017 was the first date set for Appellant's meeting of creditors. (Bankr. D.I. 14). As a result, and contrary to Appellant's argument, April 24, 2017, was the deadline to file a complaint objecting to discharge. The Trustee's first Extension Motion was filed on April 6, 2017 – well before the April 24, 2017 deadline. (Bankr. D.I. 45).[12]

Third, the record supports the Bankruptcy Court's determination that there was cause to extend. The determination of whether cause exists under Bankruptcy Rule 4004(b) to grant a timely motion to extend the time for objecting to discharge is left to the bankruptcy court's discretion. *See Auld*, 561 B.R. at 515-16, 522. In considering cause, courts evaluate: (1) whether the creditor had sufficient notice of the deadline; (2) the complexity of the case; (3) whether the creditor exercised diligence; (4) whether the debtor refused in bad faith to cooperate with the creditor; and (5) the possibility that proceeding in another forum will result in collateral estoppel of the relevant issues. *See In re Nowinski*, 291 B.R. 302, 306 (Bankr. S.D.N.Y. Apr. 8, 2003) (citing cases in support of each factor); *see also Link v. Mauz (In re Mauz)*, 513 B.R. 273, 280-281 (Bankr. M.D. Pa. 2014). Here, Trustee alleged, in his motions and in oral argument, that an extension was warranted because the meeting of creditors had not been concluded and the discrepancy regarding Appellant's ownership or transfer of the Property had to be resolved before the Bankruptcy Court could determine whether Appellant had made fraudulent false oaths under § 727(a)(4) and a fraudulent transfer under §

---

[12] The Trustee's second Extension Motion was filed on July 12, 2017, well before the extended deadline requested in his initial motion. (Bankr. D.I. 69). No bridge order was required. Under Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

727(a)(2). (*See* Bankr. D.I. 45; 5/17/17 Hr'g. Tr. at 51:14-52:22). The UST added that an extension was warranted due to delays resulting from Appellant's lack of candor and cooperation and cited numerous examples from the course of the case.[13] Appellant did not contradict these points, and the court finds no abuse of discretion in the Bankruptcy Court's determination that cause existed to extend the deadline under these circumstances. *See In re Boltz-Rubenstein*, 454 B.R. 614, 623-24 (Bankr. E.D. Pa. 2011) (finding extension is warranted when additional discovery is necessary and the debtor has been uncooperative and has engaged in "intensely aggressive litigation tactics.")

Finally, the court finds no error in the Bankruptcy Court's conclusion that the UST was entitled to benefit of the extension granted to the Trustee. Appellant argues that the Trustee's Extension Motions did not extend the UST's time to file a complaint objecting to discharge, and the complaint was untimely because the UST did not file his own extension motion. (D.I. 16 at 6-7). The Court must reject this argument. Trustee's Extension Motions sought to extend not only his time, but also that of the creditors and the UST. (Bankr. D.I. 45, 69). Bankruptcy Rule 4004(b)(1) allows the Bankruptcy Court to extend the time to file a complaint objecting to discharge – not just the moving party's time. Fed. R. Bankr. P. 4004(b)(1). The Bankruptcy Code and Rules do not prohibit one party from extending the deadline for others. *See e.g., In re Demos*, 57 F.3d 1037, 1039-40 (11th Cir. 1995) (holding that a creditor that did not file an extension motion may rely on the trustee's extension

---

[13] Specifically, the UST argued: "More than any other factor, the Debtor here has been neither honest nor cooperative, and this should weigh in favor of the requested extension. The Debtor misled the Trustee and the U.S. Trustee about the status of his litigation against Wells Fargo. He disclosed only the favorable rulings, neglecting to mention not only the liability judgment but his appeal of it. He disclosed his transfer of 11 Gooseneck Lane to his wife, but deceived the Trustee and the U.S. Trustee by claiming the property was held in the entireties. It was not. Thus, despite the Debtor's multiple representations to the contrary, he owned the property, and its transfer is avoidable. The Debtor claims to live in Delaware, but will not provide bank statements with an unredacted address to substantiate his claim. He has a long-term tenant at 11 Gooseneck Lane, but claims to live there. He claims to lease property in New York, but fails to disclose the address, or contact information for the landlord (so it can be notified of the bankruptcy filing). He refuses to provide unredacted copies of documents. He refuses to provide statements for all his bank accounts. He has yet to accurately amend his schedules. He continues to file motion upon motion, contesting every action by every party. The Debtors' affirmative actions, as well as his lack of action, lack of candor, and lack of cooperation make investigating the Debtor's affairs laborious, time consuming, and very difficult. Additional time, against this backdrop, is reasonable. Thus, there is "cause" for an extension under this factor alone." (*See* Adv. D.I. 18 at 6-7).

motion that clearly extended the time of all creditors). Further, as the UST points out, courts have held that a Bankruptcy Rule 4004(b) motion filed by a chapter 7 trustee also serves to extend the UST's deadline based on their unity of interests and identity. *See, e.g., In re Cooper*, 302 B.R. 633, 637 (Bankr. N.D. Iowa 2003); *In re Parker*, 186 B.R. 208, 210 (Bankr. E.D. Va. 1995). The Court finds no error in the Bankruptcy Court's decision.[14]

## V. CONCLUSION

For the foregoing reasons, the appeal is dismissed, or, alternatively, the Orders are affirmed. A separate order shall issue.

April 20, 2018

UNITED STATES DISTRICT JUDGE

---

[14] The remainder of Appellant's arguments relate to the Bankruptcy Court's order denying Appellant's discharge. (*See* D.I. 16 at 1-3; D.I. 18 at 1-3). The docket reflects no appeal of that order, and the deadline to appeal has now passed. *See* Fed. R. Bankr. P. 8002. Absent a timely appeal of the denial of the order denying discharge, the court has no jurisdiction over the additional issues raised by Appellant, including those concerning his request for continuance and failure to attend the trial based on allegations of inclement weather.